UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

MICHAEL FITZWATER,

    Petitioner,

    v.

MARIN CA JAIL/SHERIFF DEPT.,

    Respondents.

No. 15-cv-5516 LB

**ORDER OF DISMISSAL**

[Re: ECF Nos. 1, 4]

Michael Fitzwater, an inmate at the Marin County Jail, commenced this action by filing a petition for writ of habeas corpus in which he complains about the medical and mental health services at the jail. He has consented to proceed before a magistrate judge. (ECF No. 4 at 6.)[1] His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 574, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

15-cv-5516 LB
ORDER

1  Where a successful challenge to a prison condition will not necessarily shorten the inmate's
2  sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent.
3  *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).  In addition, the preferred practice in the
4  Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights
5  complaint.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method
6  of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir.
7  1979) (affirming dismissal of habeas petition because challenges to terms and conditions of
8  confinement must be brought as civil rights complaint).

9  In this action, Mr. Fitzwater challenges jail conditions.  The petition does not attempt to
10  challenge either the fact of his confinement or the length of his sentence.  Rather, it goes entirely to
11  the conditions of his confinement, and success in this action would not result in his release from jail
12  nor shorten his stay in jail.  Mr. Fitzwater's claims must be pursued in a civil rights action if they are
13  to be pursued in federal court.

14  Although a district court may construe a habeas petition by an inmate attacking the conditions of
15  his confinement as pleading civil rights claims under 42 U.S.C. § 1983, *Wilwording v. Swenson*, 404
16  U.S. 249, 251 (1971), the court declines to do so here.  The difficulty with construing a habeas
17  petition as a civil rights complaint is that the two forms used by most inmates request different
18  information and much of the information necessary for a civil rights complaint is not included in the
19  habeas petition filed here.  Examples of the potential problems created by using the habeas petition
20  form rather than the civil rights complaint form include the potential omission of intended
21  defendants, potential failure to link each defendant to the claims, and potential absence of an
22  adequate prayer for relief.  Additionally, there is doubt whether the inmate is willing to pay the civil
23  action filing fee of $ 350.00 (plus a $50.00 administrative fee) rather than the $5.00 habeas filing fee
24  to pursue his claims.  The habeas versus civil rights distinction is not just a matter of using different
25  pleading forms.  A habeas action differs in many ways from a civil rights action:  (1) a habeas
26  petitioner has no right to a jury trial on his claims, (2) the court may be able to make credibility
27  determinations based on the written submissions of the parties in a habeas action, (3) state court
28  (rather than administrative) remedies must be exhausted for the claims in a habeas action, (4) the

proper respondent in a habeas action is the warden in charge of the prison (or sheriff in charge of the jail), but he or she might not be able to provide the desired relief when the inmate is complaining about a condition of confinement, and (5) damages cannot be awarded in a habeas action.  While an inmate may think he has found a loophole that allows him to save hundreds of dollars – by filing a habeas petition with a $5.00 fee rather than the usual $350.00 fee (plus $50.00 administrative fee) for a civil action – the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the regular civil action filing fee to challenge conditions of confinement.  It is not in the interest of judicial economy to allow inmates to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without prejudice to Mr. Fitzwater filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form.

Mr. Fitzwater's *in forma pauperis* application is GRANTED.  (Docket # 4.)

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 4, 2016

_____
LAUREL BEELER
United States Magistrate Judge